**HAYS et al. v. CITY OF MUSKOGEE et al.**

No. 16351—Opinion Filed Feb. 16, 1926.

Rehearing Denied April 6, 1926.

**1. Statutes—Special Statute as Superseding General Statute on Subject-Matter.**

A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject-matter, supersedes a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence.

**2. Same—Publication of Legal Notices—Necessity Resolution for Street Improvement.**

Section 3569, C. S. 1921, relating to the publication of legal notices and advertisements in newspapers of the county, has no application to the publication of the "necessity resolution" provided for in section 5, c. 173, Sess. Laws, 1923.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by R. L. Hays and others against the City of Muskogee, Okla., and others, to enjoin the paving of certain streets and to enjoin the making of assessments against the abutting property to pay for such paving. Judgment for defendants, and plaintiffs bring error. Affirmed.

Charles A. Moon, Grant Foreman, W. H. Clark, and R. E. Stewart, for plaintiffs in error.

Jno. W. Porter, Allen & Underwood, G. A. Paul, and A. Gray Gilmer, for defendants in error.

Opinion by PINKHAM, C. This cause was instituted in the district court of Muskogee county by the plaintiffs in error. R. L. Hays et al., as plaintiffs, against the city of Muskogee, the mayor, and city clerk of the city of Muskogee, and the Standard Paving Company, a corporation, to enjoin the paving of certain streets of said city pursuant to a contract entered into by and between the officials of the city of Muskogee and the Standard Paving Company, and to enjoin the making of assessments against the abutting property to pay for such paving.

Upon the trial of the cause request was made for special findings of fact and conclusions of law. The court found in its special findings, among other things not necessary to be stated, that the "resolution of July 22, 1924, and the notice to contractors dated August 25, 1924, were published in the Muskogee Daily News, which is printed and of general circulation in the city of Muskogee, Okla., which said Muskogee Daily News had been continuously published and circulated in said city daily since July 6, 1924, and the said resolution and notice to contractors were published in said Muskogee Daily News for the time and in the manner required by chapter 173. Sess. Laws 1923."

The court further found that:

"The Muskogee Daily News not having been published continuously for 52 consecutive weeks prior hereto is not a newspaper authorized by law to publish legal notices and publications as specified in section 3569, chapter 17, Compiled Statutes of 1921."

The court concluded as a matter of law:

"That section 3569, C. O. S. 1921, relative to the publication of the resolution and other procedure for the paving of said district No. 192, has no application to this proceeding, and said publications in the Muskogee Daily News are sufficient in law to authorize the procedure for the improvement of the street described in said street improvement district No. 192."

The court rendered judgment in accordance with the said findings of fact and conclusions of law. The plaintiffs filed a motion for new trial, which was overruled, exceptions saved, and the cause comes regularly on the appeal of the plaintiffs to this court for review by petition in error and transcript of the proceedings attached.

Section 3569, C. S. 1921, provides in part as follows:

"No legal notice, advertisement or publication of any kind required or provided by any of the laws of the state of Oklahoma to be published in a newspaper, shall have any force or effect as such, unless the same be published in a newspaper of the county having general circulation therein, and which newspaper has been continuously and uninterruptedly published in said county during the period of 52 consecutive weeks prior to the first publication of the notice or advertisement."

Section 5, c. 173, Sess. Laws 1923, under which the trial court held the publication in the Muskogee Daily News was sufficient, reads in part as follows:

"Necessity Resolution. Upon the filing of said plans, profiles, specifications, and estimates with the clerk, the governing body of any city or incorporated town shall examine the same, and if found satisfactory, shall, by resolution, adopt and approve the same, and declare such work of improvement necessary to be done. Said resolution shall be published in six consecutive issues of a daily newspaper or two consecutive issues of a weekly newspaper published in said city or incorporated town, and if no newspaper is published in said city or incorporated town, then in some newspaper published in the county and having a general circulation within such city or town. Such notice shall provide that if the owners of more than one-half in area of the land liable to assessment to pay for such improvement shall not within 15 days after the last publication of such resolution file with the clerk of said city, or with the clerk of said incorporated town their protest in writing against such improvement, then the city or town shall have the power to cause such improvement to be made, and contract therefor and to levy assessments for the payment thereof. * * *"

The sole question to be determined is whether or not the "necessity resolution," upon which the proceedings with reference to the paving of the street involved herein were based, was published in compliance with the provisions of section 5, c. 173, Sess. Laws 1923; and, also, whether or not that statute contemplates that the resolution therein mentioned should be published in a newspaper which has been published continuously and uninterruptedly in the county during the

period of 52 consecutive weeks prior to the first publication of the notice as defined, by section 3569, supra.

It is admitted that the necessity resolution provided for in the 1923 act was not published in a newspaper having the qualifications required by section 3569, supra, and it is earnestly contended by counsel for plaintiffs that failure to publish the resolution in a newspaper such as is defined in section 3569, supra, makes all the proceedings void, and the property owners are entitled to an injunction as prayed for in their petition.

Applying the general rule, that the intent of the Legislature, when ascertained, must govern the construing of statutes (Town of Haskell v. Edmonds, 90 Okla. 44, 215 Pac. 629), it will be observed that section 5, c. 173. Sess. Laws 1923, is a special law applying to a particular subject, namely, that of paving and improving the streets, lanes, and alleys of cities and incorporated towns of the state, and covers the entire field upon that subject, and that by the express provisions of chapter 173, supra, all other laws and parts of laws in conflict therewith are repealed.

Publication in a daily newspaper for six consecutive issues, or in two consecutive issues of a weekly newspaper in the city or incorporated town where the paving is to be done, is all that is required by section 5 of the 1923 act, regardless of the length of time such newspaper has been published prior to the first publication.

It is true that the publication of the resolution is required for the purpose of notifying property owners, who will be affected by the improvements in question, that such improvements are in contemplation, in order that they may be given an opportunity to be heard, and the mere fact that the resolution provided for in the 1923 act is termed a notice does not constitute the "necessity resolution" a legal notice within the meaning of section 3569, supra.

In the case of Citizens' State Bank of Vici v. Gettig, 77 Okla. 48, 187 Pac. 217, this court announced the rule that:

"A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject-matter, supersedes a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence."

The rule laid down in the above case is quoted with approval in the recent case of Greer v. Bird, 93 Okla. 246, 220 Pac. 579, in which case it is held in the second paragraph of the syllabus:

"A statute which contains a repealing clause to the effect 'that all acts and parts of acts in conflict herewith are hereby specifically repealed,' repeals earlier acts in so far as the same conflict with the later act."

In the case of Felt v. Felt, 19 Wis. 193, cited with approval by this court in the Greer Case, supra, the Supreme Court of Wisconsin said:

"It is a well-settled rule of construction that specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law, which might otherwise be broad enough to include it."

It appears that section 3569 had already been construed by the Supreme Court of Kansas in the case of City of Pittsburg v. Reynolds (Kan.) 29 Pac. 757, prior to its adoption by the territory of Oklahoma in 1897. In the case referred to, the city of Pittsburg, in the state of Kansas, had an ordinance which prohibited the keeping or maintaining of places for the sale of intoxicating liquors; that this ordinance had been published in accordance with what was known as the "second-class city act", section 8, but not as required by section 1, Laws of 1891 of the state of Kansas, which section is identical with section 3569, supra. It appears that Reynolds, in the Kansas case, was prosecuted under the ordinance above referred to, and he pleaded that said ordinance was invalid for the reason that the same had not been published in a newspaper that had been continuously and uninterruptedly published in said county for a period of 52 weeks prior to the first publication of said ordinance, as required by the above provisions of section 1, Laws of 1891. Section 8 of the "second-class city act" referred to, provided that:

"All ordinances shall, as soon as practicable after they are passed, be published in some newspaper printed within the city. * * *"

In passing upon this question, the Supreme Court of Kansas held that the general statute relating to the publication of legal notices, advertisements, etc., as provided by section 1, c. 156 of the Laws of 1891, has no application to the publication of city ordinances. If the ordinances of a city must be published in conformity to a special and particular statute on the subject, as was held to be true in the Reynolds Case, supra, then it would appear that the resolution of necessity involved herein must be published in

conformity to the provisions of section 5, c. 173, Sess. Laws 1923, supra.

We conclude that section 3569, O. S. 1921, has no application to the publication of the "necessity resolution" provided for in section 5, c. 173, Sess. Laws 1923.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 1094: 25 R. C. L. p. 929; 4 R. C. L. Supp. p. 1608; 5 R. C. L. Supp. p. 1353. (2)36 Cyc. p. 1094.