JOHN LOVINS v. STATE.

No. A-6982.   Opinion Filed Nov. 19, 1930.
(293 Pac. 273.)

201

Darnell & LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Custer county of the crime of preventing and dissuading witnesses from appearing in the trial of a case in Washita county, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The defendant in his brief argues two questions: First, the court erred in overruling the defendant's demurrer to the information; second, the court erred in not sustaining defendant's demurrer to the evidence and refusing to instruct the jury to return a verdict of not guilty.

As we view the case, it will only be necessary to pass upon defendant's second ground of error.

Defendant was prosecuted under section 1647, C. O. S. 1921, which reads as follows:

"Any person who wilfully prevents or dissuades any person who has been duly summoned or subpoenaed as a witness from attending pursuant to the command of the summons or subpoena is guilty of a felony."

In the case at bar, it was alleged that there was a case pending in the district court of Washita county and that the defendant prevented and dissuaded Charlie Rigney and Robert Rigney, who resided in Custer county, from appearing as witnesses in such case pending in Washita county. It is admitted by the state that the only service of subpoena upon these witnesses residing in Custer county was by registered mail sent to them by the court clerk of Washita county. The question is, Were these subpoenas served as required by law?

The defendant contends that it was not only necessary for the state to prove that the defendant dissuaded and prevented the witnesses from attending court in Washita county and testifying in said trial, but also that the state must prove that the witnesses had been duly summoned or subpoenaed.

Section 871, C. O. S. 1921, provides:

"All writs and orders for provisional remedies, and process of every kind, shall be issued by the clerks of the several courts, upon a praecipe filed with the clerk demanding the same."

Section 593, C. O. S. 1921, provides:

"Service of subpoenas for witnesses in civil and criminal actions in the district, superior, county and justice of the peace courts of this state shall be made by the officer, or other person making the service, by either personal service of such subpoena containing the time, place and the name of the court, and the action in which he is required to testify, or by mailing a copy thereof by registered mail, not less than three days before the trial day of the cause upon which said witness is required to attend, and the person making such service shall make a return thereof showing the manner of service, and if the same be by registered mail, he shall file with such return

the registry receipt; provided, that the person or county attorney issuing the praecipe for a subpoena shall state therein the manner in which the witness or witnesses shall be served, and the officer or person serving such subpoena shall serve the same in the manner directed by the praecipe, and make his return in accordance therewith; provided, further, that if the praecipe calls for serving such subpoena by registered letter, then the clerk shall serve the same as provided for the serving of jurors."

This act is section 2 of the Session Laws of 1913, c. 73, and provides generally for the service of civil and criminal processes. Section 593, supra, was amended in 1919 by section 6339, C. O. S. 1921, which reads as follows:

"All summons, subpoenas, and other process issued out of court in some county other than the county in which such sheriff lives, shall be sent to the court clerk of such county in which same is to be served, and same shall be delivered by such court clerk to such sheriff for service. The fees for such service in civil matters must be collected by the court clerk before such service is had, and in criminal matters the court clerk shall collect same from the proper county, as the manner provided by law. The court clerk shall keep a record of all foreign service together with all fees earned and collected. Such fees shall be turned into the county treasury as other sheriff fees earned."

Where there are two statutes covering the same subject, one a general statute and the other a special statute, and both cover the same subject-matter, the special statute prevails. A statute which is enacted for the primary purpose of dealing with a particular subject and which prescribes the terms and conditions of that particular subject-matter, supersedes a general statute which does not refer to the particular subject-matter but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence. Citizens' State Bank of Vici v. Gettig, 77 Okla. 48, 187

Pac. 217; Greer v. Bird, 93 Okla. 246, 220 Pac. 579; Hays v. City of Muskogee, 117 Okla. 158, 245 Pac. 842.

Section 2838, C. O. S. 1921, provides:

"No person is obliged to attend as a witness, before a court or magistrate out of the county where the witness resides or is served with the subpoena, unless the judge of the court in which the offense is triable, upon an affidavit of the county attorney, or of the defendant or his counsel, stating that he believes that the evidence of the witness is material and his attendance at the examination or trial necessary, shall indorse on the subpoena an order for the attendance of the witness."

Under section 593, supra, service of subpoenas by registered mail upon witnesses residing in Washita county would have been legal. To authorize the issuance of subpoenas for witnesses outside of the county, section 2838, supra, must be complied with, and such subpoenas when legally issued could only be served in the manner provided for in section 6339, supra.

In the case of Bowes v. State, 8 Okla. Cr. 277, 127 Pac. 883, 888, in the body of the opinion, this court after setting out section 1647, supra, said:

"From this it is seen that, in order to make the acts charged in the information a felony, it is necessary that the witness who was so prevented or dissuaded from attending court must have been duly summoned or subpoenaed as a witness at the time the acts complained of were committed."

50 Corpus Juris, § 56, p. 467, lays down the following rule:

"The proper method of serving process must be adopted in order to give jurisdiction, and it must be served by a proper officer or person. * * * The general rule is that

directions of a statute as to the service of process are mandatory and must be strictly followed."

Under section 76, p. 483, supra, it is said:

"Where, as is practically the case in all jurisdictions now, service of process is regulated by statute, or court rules, the specified method is exclusive and must be followed, and such service must appear of record."

Section 58, p. 469, supra:

"An officer of one county cannot legally serve process directed to an officer of another county, nor can he make service beyond the limits of his own county unless expressly authorized to do so by statute."

Under section 6339, supra, where a subpoena had been properly issued for service upon a witness residing in another county, the clerk could not serve the same by registered mail, but must send such subpoena to the court clerk of the county where the witness resided, there to be served by the sheriff of such county as if the subpoena had been issued to him in the first instance.

It appearing from the record that no subpoena had been legally issued or served upon the witnesses it was alleged defendant had prevented and dissuaded from appearing and testifying in the case, the state wholly failed to establish one of the two material allegations necessary to prove in order to secure a conviction, namely, that the witnesses had been summoned or subpoenaed. The trial court therefore erred in overruling defendant's demurrer to the evidence and in refusing to instruct the jury to return a verdict of not guilty.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.