**PAYNE, Co. Treas., v. GYPSY OIL CO.**

No. 17067.    Opinion Filed June 14, 1927.

Rehearing Denied Jan. 24, 1928.

(Syllabus.)

1. **Schools and School Districts—25-Year Bond Issue—Time for Beginning Tax Levies for Sinking Fund and Interest.**

Where funding bonds are issued by school districts or other municipal corporations, under authority of article 4, chap. 25, C. S. 1921, and in compliance therewith, to mature in 25 years, the tax levying authorities of the county in which such bonds are issued may make an annual levy for the purpose of paying the annual or semi-annual interest as it becomes due, and an annual levy for a sinking fund for the purpose of paying one twenty-fifth of the principal when it matures, and begin making such levy on the 25th year before the maturity of such bonds, and a levy so made is held to be valid.

2. **Same.**

And the provision in section 4276, C. S. 1921, to wit: "But in every instance in which such bonds shall be issued for more than 20 years, it shall not be necessary to create a sinking fund, or to levy a tax therefor, until the 20th year prior to the maturity of such bonds," is not mandatory as to postponing a levy for a sinking fund until the 20th year before maturity of a 25-year bond issue, nor an absolute inhibition against beginning such sinking fund levy on the 25th year before maturity of bonds maturing 25 years from date of issue.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by the Gypsy Oil Company against James E. Payne, County Treasurer of Creek County. Judgment for plaintiff, and defendant brings error. Reversed.

W. F. Pardoe, Co. Atty., for plaintiff in error.

James B. Diggs, Wm. C. Liedtke, Redmond S. Cole, and C. L. Billings, for defendant in error.

HARRISON, J. This action was instituted by the Gypsy Oil Company, defendant in error, to recover certain taxes which it had paid under protest, to plaintiff in error as county treasurer of Creek county, Okla.

The taxes in question were levies which had been made for a sinking fund with which to meet the interest and principal as they accrued and matured on certain funding bonds which had been issued by school district No. 18 in said county; the question involved being whether the statute under which such bonds were issued mandatorily requires the levy made for a sinking fund to begin on the 20th year before maturity of the bonds, or whether it permits the levy to begin on the 25th year before maturity.

The school district had issued funding bonds to the amount of $50,000, due in 25 years, but instead of waiting until the 20th year before the maturity of such bonds, and thereafter levying one-twentieth as a sinking fund each year, it made a levy the first tax year after the issuance of same, sufficient to raise one twenty-fifth of the amount, thus beginning 25 years before the maturity of such bonds and levying one twenty-fifth each year for a sinking fund, instead of waiting until the 20th year before they matured and levying one-twentieth each year.

The statute in question is section 4276, C. S. 1921, the pertinent portion of which is as follows:

"It shall be the duty of every county, city, town, township, the board of education of any city, and of every school district, issuing bonds under this article, and of the proper officers thereof, to create a sinking fund; and there shall be levied by the proper officers annually, a sufficient tax therefor, for the redemption of such bonds, which shall be collected as other taxes, and paid into the treasury as provided by law for other taxes, and shall remain as a specific fund for the redemption of said bonds; the amount of which sinking fund shall be as

follows: In every instance in which bonds shall be issued under this article for 20 years or less, the quotient found by dividing the amount of the principal of such bonds by such number of years shall be the amount of sinking fund to be levied each year for the redemption of such bonds; but in every instance in which such bonds shall be issued for more than 20 years, it shall not be necessary to create a sinking fund, or to levy a tax therefor, until the 20th year prior to maturity of such bonds, at which time, and each year thereafter, one-twentieth of the principal amount of such bonds shall be levied as a sinking fund for the redemption of such bonds.'

Plaintiff in error contends that the provision:

"But in every instance in which such bonds shall be issued for more than 20 years it shall not be necessary to create a sinking fund or to levy a tax therefor, until the 20th year prior to the maturity of such bonds"

—is permissive, meaning that it is optional with municipal officers, issuing bonds under said statute, whether they divide the levy into 25 equal levies for 25-year bonds, or whether they postpone making any levy for same until 20 years previous to the maturity thereof, and then levy one-twentieth each year.

Defendant in error contended in the court below and contends here that such statute is mandatory, that it grants no authority to begin on the first year and levy one twenty-fifth each year for 25-year bonds, but that the school district must wait until the 20th year before maturity and then levy one-twentieth each year, and that the levy in question here, having been on the basis of one twenty-fifth and beginning on the 25th year before maturity, is made without authority of law and is wholly void.

This question constitutes the decisive issue involved in this action.

Defendant in error contends that the county excise board, acting for the school district, is without power to make any tax levy whatever, except by legislative authority, citing authorities.

It would serve no purpose to mention the authorities cited in support of this contention, for it must be conceded, and is conceded by plaintiff in error, that a county excise board can make no tax levies, except upon legislative authority.

But plaintiff in error, county treasurer, contends that the excise board had legislative authority, not only from the foregoing

section 4276, it being merely permissive, but had ample authority from other constitutional and statutory provisions for making annual levies for the creation of a sinking fund with which to meet the interest as it accrued and to pay the principal, when it matured, on all outstanding bond issues.

A review of the constitutional and statutory provisions on the subject of levies for a sinking fund affords material light on the intent and general scheme of the Constitution and statutes.

Section 20, art. 10, of the Constitution authorizes the Legislature to confer on counties, cities, towns, and other municipal subdivisions, the power to assess and collect taxes.

Section 26, Id., contains the following provisions:

"That any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

Section 27, Id., in providing that cities or towns may contract indebtedness for the purpose of purchasing or constructing public utilities to be owned exclusively by such city or town, contains the following provision:

"That any such city or town incurring any such indebtedness, * * * shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

And on the question of debts contracted by the state, section 25, Id., of the Constitution provides:

"No debts shall be hereafter contracted by or on behalf of this state, unless such debt shall be authorized by law * * *; and such law shall impose and provide for the collection of a direct annual tax to pay, and sufficient to pay, the interest on such debt as it falls due, and also to pay and discharge the principal of such debt within 25 years from the time of the contracting thereof."

While sections 25 and 27, supra, are not directly in point here, yet they serve to show the unvarying intent of the Constitution on the subject of annual levies for sinking

funds. They show that nothing else was contemplated, nor intended, except an annual levy, a yearly levy for sinking fund, to begin as soon as a bond issue becomes effective, the amount of bonds authorized to be issued depending upon the assessable value of property, to be determined by the last preceding assessment, and the rate of levy for a sinking fund to be computed upon the same property valuation.

Section 4268, C. S. 1921, which is the statutory authority for issuing funding bonds by school districts, provides:

"Every * * * school district is hereby authorized and empowered to refund its indebtedness, including bonds, judgments and warrants as herein after provided, **upon such terms as can be agreed** upon and to issue few bonds with **annual or semi-annual** interest coupons attached, in payment for any sum so refunded."

Section 4274, Id., provides as follows:

"In every instance in which any * * * school district shall issue bonds under this article **it shall be the imperative duty of the proper officers to provide annually,** at the time of providing for the levy of other taxes, for a tax sufficient in amount to ·pay the interest upon said bonds and the coupons as they become due and to create a sinking fund as provided for in this article· for the payment of the principal of such bonds."

And section 4276, Id., the section upon which defendant in error relies for nullifying the levy in question, provides:

"It shall be the duty of every * * * school district issuing bonds under this article and of the proper officers thereof to create a sinking fund, **and there shall be levied by the proper officers, annually,** a sufficient tax therefor for the redemption of such bonds."

It must ·be seen from the foregoing constitutional and statutory provisions that the tax levying officers have ample authority for making **an annual** levy for the purpose of creating a sinking fund.

Webster defines "annual" as "of, or pertaining to, a year; returning every year"; "coming or happening yearly"; and we have always so understood the meaning of the term.

The foregoing statutes not only grant express authority to make such annual levies, but in some instances make it the imperative duty to provide for an annual levy. before or at the time of creating the indebtedness. Besides section 4268, supra, authorizes the issuance of funding bonds, **"upon such terms as can be agreed upon."**

·Said section therefore gives authority to municipal officers to create such contractual obligations as may be agreed upon, to be evidenced by funding bonds, which by their terms may require a levy each year from the time the contract becomes effective, sufficient to meet the obligations and terms of such contract. Hence, under the plain intendment of the foregoing constitutional and statutory provisions, we cannot interpret the provisions in section 4276, supra, to wit: "It shall not be necessary to create a sinking fund," etc., to be mandatory, nor construe it to be an absolute inhibition against levying any sinking fund tax for 25-year bonds until the 20th year before the bonds mature. To construe said statute as a mandatory inhibition would give it the effect, not only of nullifying other statutes which provide for an annual levy, but also give it the effect of conflicting with the scheme and unvarying intendments of the Constitution.

We therefore conclude that the municipal officers in question were acting within constitutional and statutory authority in making the levy in question.

Many authorities are cited by defendant in error on statutory construction, the correctness of the rules announced in which we readily concede, but none of them deal with the exact question presented here.

The constitutional and statutory provisions on the question presented are sufficient in themselves. We therefore deem it unnecessary to refer to general rules of statutory construction.

It is our conclusion that the levy in question is valid, and that the judgment of the trial court should be reversed.

There being no controversy as to the facts in the case, having reached the conclusion that the trial court erred as to a pure matter of law. the judgment is reversed, with directions to enter judgment in. favor of defendant below, and sustaining the levy involved in plaintiff's second cause of· action.

Reversed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.