## CHICAGO, R. I. & P. Ry. Co. v. POURRON, Co. Treas.

No. 16491—Opinion Filed May 25, 1926.

1. **Townships—Increase of Estimate for Road Drag Expense—Power of County Excise Board.**

The county excise board is without authority to increase an estimate made by a township for road dragging expense, unless the proposed increase be first advertised, as provided by section 9698, C. O. S. 1921.

**2. Same — Judgment Sustaining Tax Levy Reversed.**

Record examined; held, to be insufficient to support judgment against the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; Claude Duval, Judge.

Action by the C., R. I. &. P.Ry. Co. against G. F. Pourron, as County Treasurer of Grant County, to recover alleged illegal taxes. Judgment for defendant and plaintiff brings error. Reversed.

W. R. Bleakmore, A. T. Boys, John Barry, and W. F. Collins, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for defendant in error.

Opinion by STEPHENSON, C. - The Chicago, R. I. & P. Ry. Co. commenced its action against G. F. Pourron, as county treasurer of Grant county, as provided by statute, to recover alleged illegal taxes levied and collected against the property of the plaintiff. The trial of the cause resulted in judgment for the defendant. The plaintiff had perfected its appeal, and seeks the reversal of the cause on the ground that the judgment. is contrary to the law and the facts.

Several townships situated in Grant county made an estimate of expense for road dragging, pursuant to section 10203, C. O. S. 1921. The material part of the section reads in the following language:

"For this purpose (road dragging) there shall be expended under the direction of the township board, through the road superintendent, upon the township road system, not more than two mill drag tax herein authorized to be levied."

The section in question provides that the township board shall select from its township road system the roads to be dragged. Then follows the provision above quoted. The statute does not expressly point out the board which shall make the levy, or designate the machinery which shall be employed to cause the levy to be made and collected. As the statute is silent in this respect, the inference is that the same machinery should be employed in causing the levy to be made and collected as applies to any other item of tax levied by the township. The further inference from the statute above quoted is, that it is the duty of the township to make an estimate for the road drag tax, in the same manner as it makes an estimate for other expenses involved in the township government.

The county excise board of Grant county increased the estimated items made by the several townships for road drag tax without first publishing the notice of the proposed increase. It is the contention of the railway company that the county excise board was without authority to make the increase unless it first advertised the proposed action, pursuant to section 9698, C. O. S. 1921. The section in question appears to be applicable to all estimates made by townships. It does not make any distinction among the several items the township is authorized to levy. The material part of section 9698, supra, is:

"The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, * * * or adding items thereto, when in its opinion the needs of the municipality shall require."

It is the contention of the Attorney General that the sentence quoted authorizes the county excise board to increase any and all items of the estimate, subject, however, to the sentence which follows the quoted part, being in the following language:

"All revisions and corrections shall be as to specific items of the estimate, and in no event shall any item or items of the estimate for current expense purposes be increased, or any item added thereto, until such proposed increase or additional item shall have been advertised and published by the excise board in some newspaper of general circulation in the county, in one issue, if published in a weekly paper, and two consecutive issues, if published in a daily paper."

It is the further contention of the Attorney General that the phrase "for current expenses" excludes the road drag tax. For support of his position the cases of Lusk v. Starkey, 53 Okla. 794, 158 Pac. 918, and St. L. & S. F. Ry. Co. v. Bockoven, 75 Okla. 145, 182 Pac. 507, are cited, which define the road drag tax to be without the current expense of a township. The defendant in error treats the sentence last quoted as a proviso to the first sentence. to sustain the judgment in his favor. The defendant in error contends that the first sentence quoted applies to all items of the estimate, and that the following sentence quoted, by the use of the phrase "current expenses," excludes the road drag tax from the provision requiring a proposed increase to be advertised.

The first sentence, in pointing out the items which may be increased by the excise board, limits the same by the phrase "the

needs of the municipality". If we follow the contention of the defendant in error in this respect, a road drag tax is not a need of the township, as the cases cited define the tax to be exclusive of the current needs. Evidently, the Legislature used the phrase "needs of the municipality," and the phrase for "current expenses," with the intention that each phrase should encompass the same ground. If we take the view of the defendant in error. that the phrase ".or current expenses" excludes the road drag tax, because it is not a current item of expense as being properly chargeable to the township, we, are without machinery for the levy and collection of the road drag tax. If we exclude the taxing machinery generally applicable ro township levies, then the action of the township in making an estimate. or refusing to make an estimate, for a road drag tax, would be final. There would be no provision for supervising the townships in relation to the road drag tax. We think it was the intention of the legislative body that the road drag tax, which the township is authorized to levy, should be levied and collected under the general provision applicable to the levy and collection of all township taxes. Therefore. the county excise board was without authority to increase the estimate made by the townships for road drag tax. without first having advertised the proposed increase, as provided by section 9698, supra.

The cause is reversed. and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 564. (2) 4 C. J. p. 1164 § 3181.