**JONES, Co. Treas., v. KENNEDY.**

No. 16636—Opinion Filed June 1, 1926.

**1. Municipal Corporations — Necessity for Charter City to Submit Budget to Excise Board.**

A city organized under a charter form of government must conform to the general laws of the state, and in matters not purely municipal is required to submit its budget to the excise board for the purpose of review, examination, and certification to the proper officer in order that the same may be spread upon the tax roll.

**2. Same — Nonconformity of Procedure with General Laws.**

Where a city attempts, by a charter provision, to substitute a system of its own in matters not purely municipal and causes its budget to be spread upon the tax rolls in conflict with the general laws of the state, the law of the latter prevails to the exclusion of the former.

**3. Taxation — Payment Under Protest— Sufficiency of Protest.**

The purpose of the provisions of section 9971, C. O. S. 1921, requiring the taxpayer to give notice to the officer collecting the tax showing the grounds of complaint, was to require the person complaining to point out the portion of the tax which the taxpayer claims was illegal, together with a sufficient statement of the objections to notify the collector of the character of the objections. It was not contemplated that the protest should be in any particular form or that it should meet the requirements of

a petition filed in court for the recovery of the taxes. A notice of protest which points out the specific items complained of, together with the exact amount of each tax which it was asserted had been illegally levied and alleging that such taxes were illegal because they had been levied without authority to make the levy or because the levy was excessive, was a sufficient compliance with the statute.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; James P. Hepburn, Judge.

Action by A. D. Kennedy, against J. R. Jones, County Treasurer of Okmulgee County, to recover alleged illegal taxes, paid under protest. Judgment for plaintiff, and defendant appeals. Affirmed.

A. N. Boatman, Co. Atty., and L. L. Cowley, City Atty., for plaintiff in error.

Adelbert Brown and Gordon Stater, for defendant in error.

Opinion by FOSTER, C. On the 21st day of May, 1924, the defendant in error, as plaintiff, brought an action in the district court of Okmulgee county against the plaintiff in error, as defendant, to recover certain illegal taxes alleged to have been paid under protest. Parties will be hereinafter designated as they appeared in the trial court.

There were four causes of action incorporated in plaintiff's petition, but we are concerned in this appeal only with the merits of the first cause of action, wherein the plaintiff sought a recovery of taxes which he alleged had been illegally levied for the benefit of the city of Okmulgee for the fiscal year ending June 30, 1924.

Plaintiff alleged in his petition that a total levy of 18.7 mills was made against his property for the fiscal year ending June 30, 1924, for the benefit of the city of Okmulgee, of which 9.4 mills was for current expenses. He assailed the levy upon two grounds: First, because the city exceeded the statutory levy of 6 mills allowed by law; and, second, because no financial statement and estimate sheet had been submitted to the county excise board of Okmulgee county and approved by it showing the needs of the city of Okmulgee.

Judgment was rendered in favor of the plaintiff on the 8th day of January, 1925, for the sum of $321.40. On application of the defendant, this judgment was, on January 31, 1925, set aside and the cause reset for trial on February 4, 1925. On February 4, 1925, the cause was resubmitted and tried upon an agreed statement of facts, which was dictated into the record by the respective counsel of the parties.

The trial resulted in a judgment for the plaintiff for the sum of $321.40 as before. From this judgment and from an order overruling his motion for a new trial, the defendant brings the cause regularly on appeal to this court for review. It is contended by the defendant that the judgment of the trial court is contrary to both the law and the evidence.

It is shown by the agreed statement of facts, that a levy of 18.7 mills was made for the benefit of the city of Okmulgee for the fiscal year ending June 30, 1924, which levy was divided as follows: General fund, 9.4 mills; sinking fund, 9.3 mills. It is further shown that said levy was extended on the tax rolls of Okmulgee county for the fiscal year ending June 30, 1924, and levied against the assessed valuation of the property of the plaintiff in the city of Okmulgee for that year, but that subsequent to the extension of said tax levy, and prior to the date on which the plaintiff paid said taxes, the product of 2.95 mills was stricken from the tax rolls of Okmulgee county, thereby reducing the amount of taxes due from the plaintiff to the extent of the product of 2.95 mills based upon the assessed valuation of the property of the plaintiff in the city of Okmulgee, and that plaintiff had not paid the defendant, as county treasurer of Okmulgee county, the alleged excessive levy of 2.95 mills, for the reason that the proper authorities, acting under and by authority of Senate Bill No. 89, had prior thereto corrected the tax rolls of said county in respect of said excessive levy made for the general fund of the city of Okmulgee.

It was further shown by the agreed statement of facts, that no financial statement and estimate sheet for the benefit of the city of Okmulgee had been certified to the excise board of Okmulgee county, and that the excise board of Okmulgee county did not in any manner approve or act upon any financial statement and estimate sheet for the city of Okmulgee for the fiscal year ending June 30, 1924.

It thus appears, in spite of the fact that plaintiff had not actually paid to the county treasurer the taxes which he alleged in his petition to have exceeded the statutory 6-mill levy, that he would still be entitled to recover under the authority of Ryan, County Treasurer, v. Roach Drug Co., 113 Okla. 130, 239 Pac. 912, because no financial statement and estimate of needs had been

certified to the county excise board by the board of commissioners of the city of Okmulgee, and approved as required by section 9695, C. O. S. 1921, if, as a matter of fact, the six-mill levy, or any part thereof, was actually protested by the plaintiff at the time of the payment of said taxes.

In Ryan, County Treasurer, v. Roach Drug Co., supra, this court said:

"A city organized under a charter form of government must conform to the general laws of the state, and in matters not purely municipal is required to submit its budget to the excise board for the purpose of review, examination, and certification to the proper officers, in order that the same may be spread upon the tax rolls.

"Where a city attempts by a charter provision to substitute a system of its own in matters not purely municipal and causes its budget to be spread upon the tax rolls in conflict with the general laws of the state, the law of the latter prevails to the exclusion of the former."

The argument that no part of the tax paid by plaintiff was protested on the ground that same was illegal for want of authority in the city commissioners of Okmulgee to levy it, appears to us to be without merit. The applicable part of the protest notice attached to plaintiff's petition was as follows:

"Notice of Protest.

"To J. R. Jones, County Treasurer, Okmulgee County, Oklahoma.

"A. D. Kennedy hereby notifies you that the payment of $769.47, of the all half of the regular ad valorem taxes for the fiscal year beginning July 1, 1923, and ending June 30, 1924, referred to as taxes for 1923, is expressly protested, the same being all half of the following rates of levies illegal for want of authority to make them, or by reason of being excessive as more fully set forth hereafter:

"3.40 mills for Okmulgee city general fund $350.03. Representing the levy for current expenses in excess of the rate allowed by law.

"Payment whereof is made under protest and solely and for the purpose of avoiding the imposition of burdensome tax penalties, and the issuance and levy of legal process for its collection; and you are notified not to disburse or part with such excessive and illegal tax, and that suit will be brought for its recovery within the time prescribed by law."

It thus appears that in the protest notice, the 6-mill levy paid by plaintiff for the benefit of the general fund of the city of Okmulgee, to the extent of 3.40 mills there-

of, was expressly protested for want of authority to make the levy. In Oklahoma News Co. v. Ryan, Co. Treas., 101 Okla. 151, 224 Pac. 969, it is said:

"* * * It was not contemplated that the protest should be in any particular form, or that it should meet the requirements of a petition filed in court for the recovery of the taxes. A notice of protest, which pointed out the specific items complained of, together with the exact amount of each tax which it was asserted had been illegally levied and alleged that such taxes were illegal because they had been levied without authority to make the levy, or because the levy was excessive, was a sufficient compliance with the statute."

No authorities are cited by defendant in his brief, in support of his argument that the protest notice of plaintiff was sufficient as a protest against the payment of the tax represented by the 3.4-mill levy paid by him to the defendant on the 30th day of April, 1924, for the benefit of the general fund of the city of Okmulgee. There can be no controversy that all of this levy was illegal and void for want of authority in the board of commissioners of the city of Okmulgee to make it. Ryan, Co. Treas., v. Roach, supra.

Section 1, article 7, of the charter of the city of Okmulgee, as amended at the legal election on April 11, 1921, was incorporated in the agreed statement of facts, and it is apparent that the principal, if not the sole, controversy in the trial court must have been whether the city charter controlled the state law in the matter of the procedure to be followed in levying the tax in question.

While this question may have been an open one at the time of the trial, it was subsequently settled adversely to the contention of the defendant in the case of Ryan, Co. Treas., v. Roach, supra, decided by the Supreme Court of Oklahoma on the 14th day of July, 1925.

Upon a survey of the entire record, we cannot say that the plaintiff did not actually protest the payment of the tax represented by the 6-mill levy to the extent of 3.4 mills thereof, levied for the benefit of the general fund of the city of Okmulgee, or that the protest notice served by him on the defendant at the time of the payment of said taxes was not sufficient to entitle him to recover said taxes. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 28 Cyc. p. 1563. (3) 37 Cyc. p. 1185; anno. 36 L. R. A. (N. S.) 476; 26 R. C. L. p. 459.