**FIRST NAT. BANK OF MUSKOGEE v. PITTS, County Treas., et al.**

No. 17176—Opinion Filed Oct. 12, 1926.

1. **Taxation—Recovery of Taxes Paid Under Protest—Right of Action Against County Treasurer.**

The right of action created by section 9971, C. O. S. 1921, in favor of an aggrieved taxpayer for the recovery of taxes paid under protest is against the county treasurer of the county.

2. **Same—Interested Municipality not Authorized to Intervene.**

The fact that the outcome of the suit may affect some municipality, for whom the treasurer collects the taxes, will not authorize such municipality to intervene in the action as a party defendant.

3. **Same—Taxpayer's Right of Action Secure if Payment Made in Accordance with County Treasurer's Public Notice as to Date of Delinquency.**

Section 9719, C. O. S. 1921, as amended by Sess. Laws 1923, c. 151, provides that the first half of the taxes due in any year shall not become delinquent until 60 days after the tax rolls have been completed and filed with the county treasurer. A taxpayer who pays his taxes to the county treasurer, on or before a date which the county treasurer advises the public that the first half of the taxes will become delinquent, will not be deprived of the right of action created by section 9971, supra, because the county treasurer misinformed the public as to the date the taxes would become delinquent.

**4. Same—Judgment Against Plaintiff Taxpayer not Sustained.**

Record examined; held, to be insufficient to support judgment against the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by the First National Bank of Muskogee against Bert Pitts, County Treasurer of Muskogee County, to recover ad valorem taxes paid under protest. Judgment for defendant and plaintiff brings error. Reversed and remanded.

Ezra Brainerd, Jr., Chas. P. Gotwalls, John T. Gibson, James D. Gibson, and Mosier & Mosier, for plaintiffs in error.

Bower Broaddus, for defendants in error.

Opinion by STEPHENSON, C. The First National Bank of Muskogee paid its first half of the taxes on February 7th, under written protest as provided by section 9971, C. O. S. 1921. The plaintiff commenced its action against Bert Pitts, as county treasurer of Muskogee county, for the recovery of the taxes, within the time after the date of the payment, as provided by statutes. Thereafter, the court permitted the city of Muskogee to intervene as a party defendant, on the ground that an adverse judgment would defeat the city in receiving a part of the taxes involved in the suit which were levied and collected for the city. The court permitted the city of Muskogee to intervene as a party defendant over the objection and exception of the plaintiff. One of the grounds of defense embodied in the answer of the defendants was, that the plaintiff did not pay the first half of the taxes before the same became delinquent as required by the statutes. The reply of the First National Bank in this respect was, that the treasurer notified the taxpayers of the county that on account of the delay in completing and filing the tax rolls, the first half of the taxes would not become delinquent until February 8th, and that the plaintiff acted on the information given the taxpayers by the county treasurer, and paid the first half of the taxes under written protest to the county treasurer on February 7th. The county treasurer had a rubber stamp made, which gave notice that the first half of the taxes would not become delinquent until February 8th. It was the practice of the county treasurer to stamp letters and statements to this effect, thereby giving notice to the taxpayers of Muskogee county. The further contention of the plaintiff was, that the county was estopped to show that the taxes became delinquent earlier than the date given to the public by the county treasurer. The position of the defendants in this respect is, that an estoppel or waiver does not run against a municipality on account of the acts and conduct of its officers.

The trial of the cause resulted in judgment for the defendants. The plaintiff has perfected its appeal to this court, and assigns as error for reversal, the action of the court in permitting the city of Muskogee to intervene as a party defendant, and further sets forth that the judgment in favor of the defendants was against the law and the evidence.

Section 9971, supra, provides that the action for recovery of alleged illegal taxes paid under protest should be maintained against the county treasurer. The statute does not give a municipality authority to intervene as a party defendant, because judgment in favor of the plaintiff might affect the amount of taxes such municipality would receive. It is said by the city of Muskogee that it ought to be permitted to intervene as a party defendant, because its officers are more familiar with the matters involved in the suit than the county treasurer. This may be true, but its officers may testify in the trial of the cause as effectively as if the city was a party defendant. The trial court committed error in permitting the city of Muskogee to intervene as a party defendant.

The defendants assert that the county treasurer's conduct in notifying the taxpayers that the taxes would not become delinquent until February 8th did not operate to estop the county treasurer in showing the payment of the taxes after the same became delinquent. This contention is based upon previous decisions of this court, to the effect that the conduct of the officer of a municipality in violation of law will not operate as an estoppel against the principal. The cases cited by the defendants in error involved suits to recover on contracts entered into contrary to law by the officers of the municipality, or the acts of officers in purchasing supplies and material in a manner contrary to law.

The acts of the county treasurer are not relied on by the plaintiff in this case to procure a money judgment growing out of some contract unlawfully made by officers of the city. This is not an action by the plaintiff to defeat some lawful obligation owing to the defendants on account of the unlawful conduct of its officers. The question involved

here is merely the right of the defendant to plead the statute of limitation.

It is the duty of the county treasurer to inform the taxpayers when the taxes will become due, where there is delay in filing the tax rolls with the county treasurer. The county treasurer undertook to perform a duty required of him, and in the course of such performance gave erroneous information to the public. The plaintiff had the right to rely upon the statement of the county treasurer, that the first half of the taxes would become due February 8th. A taxpayer cannot be deprived of his right of action on account of a limitation pleaded by the defendant, where the taxpayer has acted on the information given him by the county treasurer where the law made it the duty of the latter to give correct information.

A similar question was involved in the case of Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 973, which decided the proposition adversely to the contention of the defendants in error in this appeal.

The case of Hubbell v. City of South Hutchinson, 64 Kan. 645, 68 Pac. 52, involved the question of the defendant city pleading a limitation on account of the delay of the plaintiff in bringing the action. In the Hubbell Case, the delay resulted from erroneous information given to the plaintiff by the officers of the city. The court reached the conclusion that the defendant could not plead a limitation against delays of the plaintiff which resulted from erroneous information given by the officers of the city, where it was the duty of the officer to inform the plaintiff truthfully.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1188. (2) 37 Cyc. p. 1188. (3) 37 Cyc. p. 1186. (4) 4 C. J. p. 1164, §3181.