PITTS, Co. Treas., v. FIRST NAT. BANK of MUSKOGEE.

No. 18359. Opinion Filed Nov. 20, 1928. Rehearing Denied Oct. 15, 1929.

S. H. Lattimore, C. A. Ambrister, and Bower Broaddus, for plaintiff in error.

Charles P. Gotwals and John T. Gibson, for defendant in error.

LESTER, J. This action was originally begun in the district court of Muskogee county, Okla., by the First National Bank of Muskogee to recover certain taxes paid under protest.

In the trial of the case below the court found the issues in favor of the plaintiff and rendered judgment in its favor. From said judgment the defendant prosecutes an appeal in this court. For convenience, the parties will be referred to as they appeared in the court below.

The defendant concedes that certain levies were illegal and void, but contends that certain other levies made for sinking fund purposes were legal, and, therefore, the judgment of the district court should be reversed as to its findings on the latter class of levies.

The city of Muskogee operates under a charter form of government and in making

its budget for the fiscal year 1924-1925, said city failed to submit said budget to the excise board for its consideration. The city of Muskogee included in its budget certain items of levy for the purpose of a sinking fund to take care of a funding bond issue theretofore authorized by the judgment of the district court of Muskogee county. The question here presented is whether it is incumbent upon a municipality to present to the excise board for its consideration its proposed levy for sinking fund purposes.

The statutes of the state relating to the placing of several items of taxes on the tax rolls by the officers charged with such duties is plain and adequate.

Section 9695, C. O. S. 1921, provides:

"Each board of county commissioners, the mayor and council of each city or the officers exercising like power in any city having a charter form of government, the board of trustees of each incorporated town, the directors of each township and the board of education of each independent school district shall meet on the first Monday in July of each year, and the directors of each school district shall meet on the second Tuesday in July of each year, and shall respectively make in writing a financial statement showing the true fiscal condition of their respective municipalities as of the close of the previous year and an itemized statement of estimated needs and probable income from sources other than ad valorem tax of each thereof for current expense for the current fiscal year. The financial statement shall be supported by schedules or exhibits showing by classes the amount of all receipts and disbursements and shall be sworn to as being true and correct. * * * Said estimates so made out and published as aforesead shall, as soon as completed, be certified to the excise board of the county, together with an affidavit attached, showing the publication or posting thereof, as required by this act. The estimates and statements provided for in section 4 shall also at the same time be transmitted to the excise board."

Section 9698, C. O. S. 1921, provides:

"* * * And for the further purpose of examining the statements of estimated needs for current expense purposes for the current fiscal year as certified by each of said municipalities, and determining the items and amounts for which appropriations shall be made for such year, detailed as to each officer, board or department. * * * When the excise board shall have examined, revised, and adjusted the items of the respective estimates of the several municipalities, and shall have ascertained in separate items the needs of each, if the same shall be within

the limits of current expenses as provided by law, they shall approve the said items and appropriate the respective amounts thereof for the purposes so found to be necessary."

Section 9699, C. O. S. 1921, provides:

"When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof and shall have computed the total of several items of appropriations for current expense and sinking fund purposes for the county and each municipal subdivision thereof with ten per cent. (10%) added thereto for delinquent tax, they shall thereupon make the levies therefor, after deducting from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years. * * * The rates of levy for current expense purposes and sinking fund purposes shall be separately made and stated and the revenue accruing therefrom shall be known as the general fund and sinking fund, respectively; and shall, when so made, be certified to the officer whose duty it is to make up the tax rolls. * * *"

Section 9712, C. O. S. 1921, provides:

"* * * And no levy for any purpose shall be valid unless made according to the provisions of this article, and any such illegal levy, and the collection of the tax thereunder may be enjoined at the suit of any taxpayer."

In Cooley on Taxation (3rd Ed.) p. 1, c. 1, par. 1, it is stated:

"Taxes are the enforced proportional contributions from persons and property, levied by the state by virtue of its sovereignty for the support of government and for all public needs. The state demands and receives them from the subjects of taxation within its jurisdiction that it may be enabled to carry into effect its mandates and perform its maniford functions, and the citizen pays from his property the portion demanded in order that, by means thereof, he may be secured in the enjoyment of the benefits of organized society."

And on page 7 it is stated:

"The power of taxation is an incident to sovereignty, and is possessed by the government without being expressly conferred by the people. It is a legislative power."—Citing United States v. New Orleans, 97 U. S. 381, 25 L. Ed. 225.

Cooley (3rd Ed.) p. 99, c. 3:

"It is a general rule of constitutional law that a sovereign power conferred by the people upon any one branch or department of the government is not to be delegated by

that branch or department to any other. This is a principle which pervades our whole political system, and, when properly understood, admits of no exception. And it is applicable with peculiar force to the case of taxation. The power to tax is a legislative power. The people have created a legislative department for the exercise of the legislative power; and within that power lies the authority to prescribe the rules of taxation, and to regulate the manner in which those rules shall be given effect. The people have not authorized this department to relieve itself of the responsibility by a substitution of other agencies. * * * We conceive that the Legislature must, in every instance, prescribe the rule under which taxation may be laid; it must originate the authority under which, after due proceedings, the tax gatherer demands the contribution; * * *, but to refer the making of the rule to another authority, would be in excess of legislative power."

It is necessary that the state have a uniform system providing for placing on the tax rolls all items of the several taxes to be levied for the benefit of each subdivision of government of the state. Bonded indebtedness is a fixed liability against the municipality authorizing it, and this state, by proper legislation, has provided for administrative machinery through which taxes may be levied each year for the payment of such indebtedness, together with the current interest thereon.

The municipality in its budget sets forth the probable amount required to meet its bonded indebtedness; this amount is then submitted to the county excise board, which board checks the amount requested, and if it is excessive, they reduce it; if inadequate, they enlarge it.

Section 9699, C. O. S. 1921, in part reads as follows:

"The rates of levy for current expense purposes and sinking fund purposes shall be separately made and stated and the revenue accruing therefrom shall be known as the general fund and sinking fund, respectively: and shall, when so made, be certified to the officer whose duty it is to make up the tax rolls."

Here it is seen that the excise board, after it has concluded its deliberation on the estimated needs for each municipality as relating to the general and sinking funds, then certifies its findings to the officer whose duty it is to make up the tax rolls. No other board or person under the statutes is clothed with the power to certify to the officer whose duty it is to make up the tax rolls the financial needs of a municipality.

There is no authority given to the officer whose duty it is to make up tax rolls to accept any estimate made by any person or board other than the excise boards of the respective counties.

Every municipality must submit its budget to the excise board of their respective counties. City of Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640; Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969; Ryan v. Roach Drug Co., 113 Okla. 130, 239 Pac. 913; Ryan v. Cook Building & Improvement Co., 113 Okla. 78, 239 Pac. 919; Jones v. Kennedy 118 Okla. 224, 247 Pac. 53.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, HUNT, and CLARK, JJ., concur.