## C. D. COGGESHALL & CO. v. SMILEY, Co. Treas.

No 20141.  Opinion Filed Dec. 10, 1929.

Brown & Stater and Burford, Miley, Hoffman & Burford, for plaintiff in error.

Bryon Kirkpatrick, Co. Atty., Hugh Webster, Ass't. Co. Atty., and Ed O. Cassidy, for defendant in error.

ANDREWS, J.  Plaintiff in error, plaintiff in the trial court, filed its petition and amended petition against the defendant in error, defendant in the trial court, as county treasurer of Tulsa county, to recover taxes paid under protest and alleged by the plaintiff to be illegal and void.  For convenience, the parties will be referred to as they appeared in the trial court.  The tax involved in this action is the first half of the tax for the fiscal year beginning July 1, 1927.

Under date of September 20, 1929, an order of dismissal was entered in this case on stipulation of the parties dismissing the appeal as to certain portions of the tax involved herein.  The decision in this case is subject to that order.

It was stipulated and agreed that the decision in this cause shall **apply with** equal force and effect to the companion cases as listed in a stipulation entered into between the parties hereto.

The amended petition, to which a demurrer was sustained, is substantially the same as that filed in cause No. 19639, entitled "N. G. Grubb v. John L. Smiley, County Treasurer," this day decided, 140 Okla. 233, 283 Pac. 784.  The only differences therein material to the determination of this cause are the date the tax rolls were certified to the county treasurer and the date of the payment of the tax under protest.

In the brief of the defendant it was said:

"In this case, as in case No. 19639, the trial court sustained our demurrer to plaintiff's amended petition on the ground that plaintiff did not pay its tax at the time and in the manner provided by law as contemplated by section 9719, C. O. S. 1921.  The case at bar differs from case No. 19639, in that, in that case the tax rolls were not certified to the county treasurer until January 28 of the taxpaying year, whereas, in this case, they were certified to the county treasurer on December 1st preceding the taxpaying year.  Reasons that may have prevented the actual payment of the 1926 taxes by January 1, 1927 (case No. 19639), did not exist and did not prevent payment of the 1927 taxes by January 1, 1928 (this case).  In other words, each case must stand on its own bottom, and while the briefs filed in case No. 19639 may properly be considered in this case, we neither admit nor deny that 'a decision in case No. 19639 will control the issues raised in this appeal.'

"In the case at bar the tax rolls were certified to the county treasurer on December 1, 1927.  Plaintiff attempted to pay its taxes under protest on January 28, 1928.  We contend that this was a payment after delinquency and not at the time and in the manner provided by law, as contemplated in section 9971, C. O. S. 1921, and in support thereof respectfully refer to our brief filed in cause No. 19639 and to the argument and citations therein contained."

Plaintiff, in its brief, said:

"The tax rolls were not certified to the treasurer for collection by November 1st, in either case; and the argument that plaintiff has a reasonable length of time to pay the tax applies in this case.  The contention that it is the function of the Legislature to fix this reasonable length of time and that this time was fixed both by section 9719 and chapter 151, S. L. 1923, at 60 days, within which time the plaintiff in each case paid his tax, applies in both cases.

"The tax was paid in each case within 60 days after the rolls were certified to the treasurer, as provided by chapter 151, S. L. 1923."

The reasoning of this court in the opinion in case No. 19639, supra, applies to the facts in this case. We there said:

"These sections must be construed together. When so construed we find that the taxpayer, as a condition precedent to the recovery of the illegal tax paid by him, must have paid the tax at the time and in the manner provided by law and before the same was delinquent. That time, so far as the first half of the tax is concerned, is between the first day of November and the first day of January. The Legislature had the right to fix a reasonable length of time after taxes are due in which to pay the same before they became delinquent. Our Legislature has fixed that time as from November 1st to January 1st. Both of these sections, however, contemplate that the county taxing officials will perform their duties and that the tax rolls will be certified to the county treasurer in ample time for the payment of taxes on November 1st."

—and we held:

"We feel it is our duty in so far as possible to give effect to the intention of the Legislature which, in this instance, was to require the payment of taxes and a suit to recover the same rather than by injunctive relief. We therefore hold that where the county taxing officials have failed to certify the tax rolls to the county treasurer at the time and in the manner provided by section 9719, Id., payment under protest may be made by a taxpayer and a suit maintained to recover the same under section 9971, Id., notwithstanding payment of the tax is made after the date of delinquency provided by section 9719, Id."

And we now hold that when the tax rolls are not certified to the county treasurer until December 1st and payment of the tax under protest is made on January 28th following, the payment is made within the time provided by the Legislature for payment, and that an action to recover the same is not barred by reason of the payment having been made after January 1st.

The trial court committed reversible error in sustaining the demurrer to the amended petition. The cause is therefore reversed and remanded to the trial court, with directions to vacate its judgment, overrule the demurrer to the amended petition of the plaintiff, and take such other action as is consistent herewith.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J., absent.