**AARONSON v. SMILEY, Co. Treas.**

No. 19716. Opinion Filed Dec. 10, 1929.

Brown & Stater, Thomas D. Lyons, and Burford, Miley, Hoffman & Burford, for plaintiff in error.

Byron Kirkpatrick, Co. Atty., Hugh Webster, Asst. Co. Atty., and Ed. O. Cassidy, for defendant in error.

ANDREWS, J. Plaintiff in error, plaintiff in the trial court, filed his petition and amended petition against defendant in error,

defendant in the trial court, as county treasurer of Tulsa county, to recover taxes paid under protest and alleged by the plaintiff to be illegal and void. For convenience, the parties will be referred to as they appeared in the trial court. The tax involved in this action is the tax for the fiscal year beginning July 1, 1925.

Under date of September 19, 1929, an order of dismissal was entered in this case on stipulation of the parties dismissing the appeal as to certain portions of the tax involved herein. The decision in this case is subject to that order.

It was stipulated and agreed that the decision in this case shall apply with equal force and effect to the companion cases as listed in a stipulation entered into between the parties hereto.

The amended petition, to which a demurrer was sustained, is substantially the same as that filed in cause No. 20141, entitled "C. D. Coggeshall & Co. v. John L. Smiley, County Treasurer," (this day decided) 140 Okla. 242, 283 Pac. 788. The only differences therein material to the determination of this cause are the date the tax rolls were certified to the county treasurer and the date of the payment of the tax under protest. In this case the tax rolls were certified to the county treasurer on November 16, 1925, and the taxes paid under protest on January 15, 1926.

What we there said is applicable here, and the same rule is herein announced. We therefore hold that when the tax rolls are not certified to the county treasurer until November 16, 1925, and payment of the tax under protest is made on January 15th following, the payment is made within the time provided by the Legislature for payment, and that an action to recover the same is not barred by reason of the payment having been made after January 1st.

The trial court committed reversible error in sustaining the demurrer to the amended petition. The cause is therefore reversed and remanded to the trial court, with directions to vacate its judgment, overrule the demurrer to the amended petition of the plaintiff, and take such other action as is consistent herewith.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J., absent.