**BANK OF PICHER v. MORRIS, Co. Treas.**

No. 20042. Opinion Filed May 3, 1932.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiff in error.

Perry Porter, Commons & Chandler, A. G. Croninger, and Wm. M. Thomas, for defendant in error.

ANDREWS, J. This is an appeal by the plaintiff in error, who hereinafter will be referred to as the protestant, from a judgment of the district court of Ottawa county in favor of the defendant in error, who hereinafter will be referred to as the protestee. The issues involve taxes for Ottawa county for the fiscal year commencing July 1, 1926.

The protestee contends that the action cannot be maintained for the reason that the taxes were not paid prior to their maturity. In support thereof he contends that chapter 151, Session Laws 1923, is unconstitutional and void for the reason that it is in conflict with section 57, art. 5, of the Constitution. We do not think it necessary to determine whether or not that act is unconstitutional, for, by the provisions of Joint Resolution No. 3, approved January 31, 1927, chapter 228, Session Laws 1927, the time for the payment of taxes was extended and the taxes were paid within the extended time. In Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 P. 969, a similar joint resolution was approved and the payment of taxes

prior to the expiration of the extended time was held to be in time. Under that decision and the decisions of this court in First Nat. Bank v. Pitts, Co. Treas., 120 Okla. 8, 249 P. 907; Grubb v. Smiley, Co. Treas., 140 Okla. 233, 283 P. 784; C. D. Coggeshall & Co. v. Smiley, Co. Treas., 140 Okla. 242, 283 P. 788; Aaronson v. Smiley, Co. Treas., 140 Okla. 255, 283 P. 789; C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48; Grubb v. Smiley, Co. Treas., 142 Okla. 19, 285 P. 38; and Aaronson v. Smiley, Co. Treas., 142 Okla. 29, 285 P. 59, the contention of the protestee cannot be sustained.

The protestant contends that the rate of levy for sinking fund purposes of Ottawa county was excessive. There was included in the estimated needs for sinking fund purposes of the county the amount of $1,500 which was estimated to be needed for refund of taxes under the provisions of chapter 30, Session Laws 1925. By the provisions of that section, counties are authorized to refund and pay to the holders of tax sale certificates the original purchase money paid thereon, together with subsequent payments, with interest from the date of payment at six per cent. per annum. There is nothing in that act which authorizes a refund or payment to be made from the sinking fund, However, by the provisions of section 8575, C. O. S. 1921, all rebates upon taxes allowed by the county commissioners are required to be paid out of the sinking fund. There was also included in the estimate for sinking fund purposes the sum of $6,810.19 for refund pursuant to the provisions of section 9674, C. O. S. 1921. By the provisions of that section, it was provided that the refund therein authorized should be made from the sinking fund of the county by the county treasurer on an order of the board of county commissioners.

The Legislature was without authority to provide that such refunds should be made from a sinking fund which accrued pursuant to the provisions of section 26, 27; and 28, art. 10, of the Constitution, for, by the provisions of section 19, art. 10, of the Constitution taxes levied and collected for one purpose shall never be devoted to another purpose. See Allen v. Bd. of Com'rs of Logan County, 131 Okla. 41, 267 P. 860. It is probable that the Legislature had the authority to provide that rebates upon taxes shall be paid from penalties, interest, forfeitures, etc., which by legislative enactment are required to be placed in the sinking fund, but it is not necessary for us to determine that question in this case.

We are not considering whether or not there should be a refund of taxes or from what source such a refund may be made. We are considering the authority to make a tax levy for sinking fund purposes. The constitutional provisions for the levying of taxes for sinking fund purposes are sections 26, 27, and 28, art. 10, and the legislative provisions therefor are sections 8571, 8574, 9698, 9699, and 9700, C. O. S. 1921. There is no authority in any of those provisions for the making of a tax levy for sinking fund purposes which includes an amount for the refunding of taxes. Since the Constitution does not require a sinking fund tax levy for the refunding of taxes, and since the Legislature has not provided for such a tax levy, there is no authority for such a tax levy. For the reason stated, the item should not have been included in the appropriation for sinking fund purposes, and the rate of levy for the sinking fund is excessive. The trial court was in error in denying the protest as to these two items, and its judgment thereon is reversed.

The protestant contends that chapter 48, Session Laws 1923-24, which amends section 10202, C. O. S. 1921, is unconstitutional and void. The protestee contends that that question was determined by the decision of this court in M., K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 P. 769. The protestant contends that that decision does not conform to the provisions of section 3034, C. O. S. 1921, requiring decisions of this court involving questions of the constitutionality of statutes to be "* * * assigned for oral argument or submission before the whole court. * * *" The section does not have the meaning contended for by the protestant. When the section as a whole is considered, it provides for a division of the court into two divisions and the hearing and determination of causes by each of the two divisions. The portion of the section relied upon by the protestant is that causes involving the constitutionality of a statute shall be assigned for oral argument or submission before the whole court rather than before one of the two authorized divisions. This court has adopted no rule providing for two divisions and all causes are assigned for oral argument or submission before the whole court. There is nothing in the section that requires the presence of each of the members of the court at the time of the adoption of the decision in any case. The fact that some of the members of the court are not present, or do not participate in a decision, in no wise invalidates the decision. By the provisions of section 3, art. 7, of the Constitution, a majority of the members of the Supreme Court shall constitute a quorum, and the concurrence of the majority of said court shall be necessary to de-

cide any question. When a majority of the members of this court concur in an opinion, it becomes the opinion of this court, notwithstanding the provisions of section 3034, supra. The decision of this court in M., K. & T. Ry. Co. v. Washington County, supra, was concurred in by a constitutional majority of this court.

The protestant contends that the levy for a tubercular fund for the county is unauthorized and void. We held a levy for that purpose for a different fiscal year to be void in Protest of St. Louis & S. F. Ry. Co., 143 Okla. 145, 288 P. 307, and St. Louis-S. F. Ry. Co. v. Morris, Co. Treas., 143 Okla. 160, 288 P. 306, and that rule is applicable herein. The trial court was in error in denying the protest as to the levy for a tubercular fund, and its judgment thereon is reversed.

The protestant contends that the levies for the current expense, free fair, highway, and tubercular funds of the county are illegal and void for the reason that there was no legal publication of the estimate as required by the provisions of section 9695, C. O. S. 1921. The record shows that the publication thereof was made in a daily newspaper on the 19th day of August, 1926, and at no other time. Under the provisions of section 9695, supra, a financial statement and estimate of needs of a county prepared in accordance with the provisions of that section "* * * shall be published in some newspaper published in said municipality in one issue, if published in weekly newspaper, and in two consecutive issues if published in daily;" and that "said estimates so made out and published as aforesaid shall, as soon as completed, be certified to the excise board of the county, together with an affidavit attached, showing the publication or posting thereof, as required by this act." By the provisions of section 9712, C. O. S. 1921, "* * * no levy for any purpose shall be valid unless made according to the provisions of this article. * * *"

The protestee contends that the purpose of the notice is "* * * to serve notice upon the taxpayer that the taxing authorities of the municipality will, on a certain date, render a judgment against their property for a certain amount of money"—and that under the provisions of section 892, C. O. S. 1921, one publication in a daily newspaper is sufficient. Paraphrasing the language of this court in Hays v. City of Muskogee, 117 Okla. 158, 245 P. 842, it will be observed that section 9695, supra, is a special law applying to a particular subject, namely, that of estimates, appropriations, and levies

for municipal purposes, and covers the entire field upon that subject. Section 892, supra, is one of the general provisions pertaining to civil procedure. In Hays v. City of Muskogee, supra, it was said:

"In the case of Citizens' State Bank of Vici v. Gettig, 77 Okla. 48, 187 P. 217, this court announced the rule that:

" 'A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject-matter, supersedes a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence'."

The provisions of section 9695, supra, are controlling. In Nelson, Sheriff, v. Oklahoma City & W. Ry. Co., 24 Okla. 617, 104 P. 42, it was held:

"Where the statute requires a series of acts to be performed before the owners of property are properly chargeable with taxes, such acts are conditions precedent to the exercise of the power to levy taxes, and all the requirements of the statute must be complied with, or they cannot be collected"

—and it was said:

"We do not believe the executive and ministerial officers upon whom the law imposes the duty of levying and enforcing this tax have kept even remotely within the authority conferred upon them by law.

" 'Courts have no rightful authority, by mere construction, to aid the defective execution of a power given or created exclusively by statute, nor dispense with those formalities which the Legislature has seen fit to provide to secure its due execution.' (Best v. Gholson, 89 Ill. 465.) "

That rule was followed by this court in Prince, Co. Treas., v. St. Louis-S. F. Ry. Co., 110 Okla. 141, 237 P. 106, wherein this court held:

"Executive and ministerial officials enforce the tax laws, but in doing so they must keep strictly within the authority those laws confer. They neither have nor can have a roving commission to levy and collect taxes from the people without authority of law, but they can only do so in the manner prescribed by the law, which would be the governing rule for their conduct in levying taxes in all cases."

To the same effect is the decision in Ryan, Co. Treas., v. Roach Drug Co., 113 Okla. 130, 239 P. 912, in which this court said:

"Where property is impressed with a tax levy, such levy constitutes a lien thereon which is superior to every other claim, and

126

therefore every safeguard should be used to protect the property of the citizen from an illegal and unwarranted tax levy. We cannot give approval to the language in the plaintiff in error's brief that 'because the defendant did not follow the provisions of the statute in regard to submitting its budget and estimate to the excise board, such failure was a mere technicality and no harm was thereby done'."

In Chicago, R. I. & P. Ry. Co. v. Pourron. Co. Treas., 118 Okla. 80, 246 P. 835, it was held that a county excise board was without authority to increase an estimate made by a township for road drag purposes without an advertisement as provided by section 9698, supra. The provision of that section for advertisement in a daily newspaper is identical with the provision of section 9695, supra. By the provisions of section 9700, supra, where a municipality fails to make an estimate and submit it to the county excise board, the excise board "* * * shall have authority to make an appropriation for current expense and sinking fund purposes and make such levy therefor as it may find necessary to meet the probable needs of such municipality, * * *" but it is provided therein "* * * that no such estimate shall be approved until the same shall have been by the excise board advertised in like manner to items that shall be added to or increased in an estimate." We, therefore, have three distinct provisions requiring the publication of an estimate: First, by the municipal officers (section 9695, supra); second, by the excise board where an item of the estimate for current expense purposes is increased or any item is added thereto (section 9698, supra); and third, where the municipality fails to make and submit an estimate and an estimate is made for the municipality by the excise board. Section 9700, supra. In Re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, it was held:

"The financial statement and estimate required by the provisions of sections 9697 and 9698. C. O. S. 1921. must be published as therein provided and an appropriation may be made for only those items for which estimates have been made and published."

In support of that holding it was said:

"We have then the additional questions of the effect of the failure to publish these items as required by law. This court, in Chicago, R. I. & P. Ry. Co. v. Pourron. 118 Okla. 80, 246 P. 835, had under consideration a levy which was based on an appropriation, the amount of which had been increased by the excise board, over the amount of the estimate, without advertising, and this court said:

"'The county excise board is without authority to increase an estimate made by a township for road dragging expense, unless the proposed increase be first advertised, as provided by section 9698, C. O. S.'

"In Pitts v. First Nat. Bank of Muskogee,. 138 Okla. 284, 281 P. 133, this court said:

"'Every municipality must submit its budget to the excise board of, their respective counties. City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640; Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 P. 969; Ryan v. Roach Drug Co., 113 Okla. 130, 239 P. 913; Ryan v. Cook Building & Investment Co.,. 113 Okla. 78, 239 P. 919; Jones v. Kennedy, 118 Okla. 224, 247 P. 53.'

"We call attention to the concluding words. of section 9712, C. O. S. 1921, as follows:

"'* * * And no levy for any purpose shall be valid, unless made according to the provisions of this article.'

"It appears from the evidence that the total amount of the estimate for county highway purposes included the amount of the items which were not published, and the Court of Tax Review held that the failure to include these seven items in detail in the published statement was not sufficient to invalidate the appropriation.

"In our opinion, the requirement of our statute for itemization is mandatory, and it is equally mandatory that there be a publication thereof. The taxpayers were entitled to know that these seven township culverts were to be constructed, and the failure to include these seven items in the published notice invalidates the appropriation to the amount of these seven items."

The purpose of such a statute is well stated in Graves v. Berry (Idaho) 207 P. 718, wherein that court said:

"Obviously it was to enable the inhabitants and taxpayers of the municipality to become informed as to the purposes for which and the amounts which it was proposed should be levied against their property by the process of taxation."

That court held that the making of a tax levy without a legal publication as required was not a mere irregularity but an excess of power.

The people of a county are entitled to know the fiscal condition of the county, the amount of money estimated by the county officers to be needed for the county, and the purposes for which that money is to be used before a tax levy is made. The Legislature has recognized that fact, and it has provided that the board of county commissioners shall make, in writing, a financial statement showing the true fiscal condition of the county as of the close of the previous

year and an itemized statement of the estimated needs and probable income from sources other than ad valorem tax for current expense for the current fiscal year. That financial statement is required to be supported by schedules or exhibits showing by classes the amount of all receipts and disbursements, and it is required to be sworn to as being true and correct. The statement of estimated needs is required to be itemized so as to show by classes, first, the several amounts necessary for the current expense of the county and each officer and department thereof; second, the amount required by law to be provided for sinking fund purposes; and third, the probable income that will be received from all sources other than ad valorem taxes, all of which is required to be detailed in form and manner as therein stated. The Legislature has provided that the financial statement and estimate shall be published, and it is provided how the publication shall be made and the time the notice shall run. The Legislature has provided that no levy for any purpose shall be valid unless made in accordance with the provisions of that article. Section 9712, supra. Those requirements are plain, unambiguous, and mandatory. If the publication has not been made, it is the duty of the county excise board to return the papers to the county officers for publication as required, and until the publication has been made in the manner and for the time provided by the legislative enactment, the excise board is without authority of law to make an appropriation for expenses or to fix a rate of levy for the expenses of the county.

The county current expense, highway, free fair, and tubercular levies were made without authority of law and they are void. The trial court erred in denying the protest as to those items, and its judgment is reversed.

The cause is remanded to the district court of Ottawa county, with directions to enter judgment in conformity herewith.

RILEY, HEFNER, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent. KORNEGAY, J., dissents.

Note.—See under (6) 7 R. C. L. 998. (7) 13 R. C. L. 939. (8) 25 R. C. L. 927; R. C. L. Perm. Supp. p. 5625; R. C. L. Pocket Part. title Statutes, § 177.