COMMERCE TRUST CO. v. MORRIS, Co. Treas.

No. 20041.    Opinion Filed May 3, 1932.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiff in error.

Perry Porter, Commons & Chandler, A. G. Croninger, and Wm. M. Thomas, for defendant in error.

ANDREWS, J. This is an appeal by the plaintiff in error, who hereinafter will be referred to as the protestant, from a judgment of the district court of Ottawa county in favor of the defendant in error, who hereinafter will be referred to as the protestee. The issues involve taxes for Ottawa county and for the city of Miami for the fiscal year commencing July 1, 1926.

This is a companion case to case No. 20042, Bank of Picher v. Morris, Co. Treas., 157 Okla. 122, 11 P. (2d) 178. They were briefed together. By agreement of the parties the decision in that case is adopted as the decision in this case as to the issues which are the same. In addition thereto we have for consideration in this case protests as to certain funds of the city of Miami.

The protestant contends that the levy for current expense purposes for the city of Miami is excessive and void for a number of reasons, only one of which needs be considered. The publication of the estimate of the city of Miami was in but one issue of a daily newspaper. For that reason the county excise board was without authority of law to make an appropriation and fix a rate of levy for the city for current expense purposes. The levy made for that purpose is void. The trial court was in error in denying the protest as to that item, and its judgment thereon is reversed.

The protestant contends that the sinking fund of the city of Miami is excessive and void by reason of an erroneous application of the proceeds from a municipal water and light plant. This court has held to the contrary in St. Louis-S. F. Ry. Co. v. Andrews, Co. Treas., 137 Okla. 222, 278 P. 617, Pitts, Co. Treas., v. Allen, 138 Okla. 295, 281 P. 126, and subsequent decisions of this court. There was no error in denying the protest as to that item.

The protestant contends that the sinking fund of the city of Miami was excessive by reason of an erroneous computation of the accrual on outstanding funding bonds. It admits that its contention is in conflict with the decision of this court in Payne, Co. Treas., v. Gypsy Oil Co., 129 Okla. 18, 263 P. 138, and it contends that that decision is wrong in its premises and in its conclusion; that it is contrary to former decisions of this court, and that it overlooks well-known and common rules of statutory construction. We cannot agree with those contentions. Under the rule stated in that case there was no error in the denial of the protest as to that item.

The protestant contends that the sinking fund levy for the city of Miami is excessive and void for the reason that there was no legal publication of the financial statement and estimate as required by the provisions of section 9695, C. O. S. 1921. In support of its contention it cites the decision of this court in Pitts, Co. Treas., v. First Nat. Bank of Muskogee, 138 Okla. 284, 281 P. 133. Therein was involved the question of the legality of a levy for sinking fund purposes in which were included certain funding bonds theretofore issued by Muskogee county. In the language of this court therein:

"The question here presented is whether it is incumbent upon a municipality to present to the excise board for its consideration its proposed levy for sinking fund purposes."

This court therein held that it was necessary that that be done. The effect of a failure to publish a financial statement and estimate of needs was not therein presented, considered, or decided. That decision is not an authority on the issue presented at this time.

We have for consideration at this time the question: May an appropriation be made by an excise board for sinking fund purposes and may a rate of levy for sinking fund purposes be fixed by an excise board where there has been no legal publication of the financial statement and estimate? We have heretofore herein held that no appropriation may be made and no rate of levy may be fixed for current expense purposes where a legal publication of the financial statement and estimate has not been made. Is a different rule applicable to the sinking fund?

In St. Louis-S. F. Ry. Co. v. Andrews, supra, this court said that the Legislature can neither take away the right of a city to issue bonds pursuant to constitutional provisions nor relieve a city of the duty imposed upon it to provide for the annual tax therein required when bonds are issued pursuant thereto. To the same effect is the decision of this court in Pitts v. Allen, supra.

The right of bondholders and the duty to levy a tax, as stated therein, are not dependent upon the publication of a financial statement and estimate, and they exist although no publication of a financial statement and estimate has been made.

By the provisions of section 26, art. 10, of the Constitution, a city which incurs an indebtedness, requiring the assent of the voters as provided by that section, "* * * shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same." By the provisions of section 27, art. 10, of the Constitution, the same requirement is made. By the provisions of section 28, art. 10, of the Constitution, cities are required to "* * * levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay." By the provisions of section 4276, C. O. S. 1921, the proper officers are required to create a sinking fund and there shall be levied annually a sufficient tax therefor for the redemption of bonds. By the provisions of section 4550, C. O. S. 1921, a city council is required to provide for taxes to pay bonds at their maturity and their interest coupons as they respectively become due. By the provisions of section 8571, C. O. S. 1921, it is made the duty of the officers of each city authorized to levy taxes "* * * to make a levy each year for a sinking fund, which shall, with the money already in such fund, be sufficient to pay all the bonded indebtedness of such municipality coming due during the following year; one year's interest on all outstanding bonds of such municipality; * * * and an additional sum equal to one-third of the original amount of all outstanding judgments against the municipality. * * *" By the provisions of section 8574, C. O. S. 1921:

"Such sinking funds shall be used:

"First. For the payment of interest coupons as they fall due.

"Second. For the payment of bonds falling due, if any such there be, and,

"Third. For the payment of judgments against the municipality, if any there be; provided, that when any sinking fund has been used or may hereafter be used to pay judgments as herein provided, that notwithstanding the fact that such judgment or judgments have been paid with such sinking fund, it shall be the duty of the proper officers to make levies to pay such judgments same as if the same had not been paid out of such sinking fund, and when so levied and collected the same shall be turned into the sinking fund out of which such judgment or judgments was paid."

There are similar requirements as to bonds issued by other political subdivisions of the state. By the provisions of section 9699, C. O. S. 1921, the excise board is required to make a levy for sinking fund purposes.

Sections 26, 27, and 28, art. 10, of the Constitution and sections 8571, 8574, 4276, and 4550, C. O. S. 1921, were adopted and enacted for the primary purpose of dealing with a particular subject, to wit, the making of tax levies for sinking fund purposes. They require tax levies for sinking fund purposes to be made each year. The provisions thereof prevail over the provisions of sections 9695, 9698, 9699, and 9700, C. O. S. 1921, where they are in conflict therewith, for the reason that those sections are general and apply to all tax levies. See

Hayes v. City of Muskogee, 117 Okla. 158, 245 P. 842.

Under the uniform practice in the issuance of bonds pursuant to the provisions of the Constitution, municipal officers, by resolution, provide for the collection of the annual tax therein required prior to the issuance of the bonds. Without such action such bonds would not be merchantable. The people, by their vote, authorize that action when they authorize the issuance of municipal bonds.

It is the duty of the excise board to make appropriations for sinking fund purposes and to compute rates of levy therefor, notwithstanding the failure of municipal officers to cause a financial statement and estimate to be published in the manner provided by law.

There was no error in denying the protest as to the sinking fund of the city of Miami, and the judgment of the trial court thereon is affirmed.

The cause is remanded to the district court of Ottawa county, with directions to enter judgment in conformity herewith.

RILEY, HEFNER, SWINDALL, and Mc-NEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent. KORNEGAY, J., dissents.

Note.—See under (6) 7 R. C. L. 998. (7) 13 R. C. L. 939. (8) 25 R. C. L. 927; R. C. L. Perm. Supp. p. 5625; R. C. L. Pocket Part, title Statutes, § 177.