## ST. LOUIS–SAN FRANCISCO R. CO.
### v.
## BRYAN COUNTY EXCISE BOARD.
### No. 36311.

Supreme Court of Oklahoma.

June 1, 1954.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

R. H. Mills, County Atty. of Bryan County, Durant, for defendant in error.

BLACKBIRD, Justice.

The people of Independent School District No. 6, in Bryan County, voted, for the fiscal year beginning July 1, 1953, the additional levy of 5 mills, authorized for erecting public buildings by Art. 10, Sec. 10 of the Oklahoma Constitution, to be used for erecting an additional vocational agricultural building for said district; and the County's Excise Board made an appropriation of $2,806.90 therefor. Plaintiff in error, hereinafter referred to as protestant, commenced the present proceedings by filing its protest of said levy and appropriation in the Oklahoma Court of Tax Review. Said protest charged that no estimate of needs for such appropriation was "legally submitted" to said County Excise Board. This charge was based upon the fact that the estimate that was published did not indicate in any way that any funds were needed for construction, or the erection of new buildings, and therefore as to such item was not such an "itemized statement" as Title 68 O.S.1951 § 286, as amended by Chap. 10, S.L.1953, requires to be published. Their position is that such showing in said published estimate was a necessary prerequisite to the levy, and its absence invalidated the levy.

After a brief hearing on said protest, and the answer thereto that said County's Excise Board filed as protestee, the Court of Tax Review entered judgment denying the protest. In connection with said judgment, said court rendered an opinion which reflected that the estimate of needs had been approved by the County Excise Board and one copy thereof filed with the budget, in the usual manner, with the State Auditor; and that the "proceedings relating to the election" authorizing the additional levy were assumed to be "in order since no question has been raised in relation thereto." Although the Board of Education was recognized in the opinion as having been derelict in its duty to publish a proper estimate, the Constitution's Art. 10, Sec. 10, supra, was therein referred to as a "Constitutional Mandate", which, when acted upon at a valid election called for the purpose of voting such a levy, could not be restricted, thwarted or defeated by such failure to meet the asserted legislative requirement. Said court further opined that if the Legislature could, by its enactments, thus restrict the operation of such a mandate, it might effectuate such strict requirements as could never be met, and thereby defeat almost any part of the Constitution.

In its present appeal from said decision, protestant recognizes, on authority of Oklahoma County Excise Board v. Kurn, 189 Okl. 203, 115 P.2d 113, and Protest of Chicago, R. I. & P. Ry. Co., 160 Okl. 226, 16 P.2d 855, that Art. 10, Sec. 10, supra, is "self-executing", and that the right therein bestowed on electors in counties, cities or school districts to vote an additional 5-mill levy for the erection of public buildings need not be vitalized by legislation. It says, however, that since said constitutional provision prescribed no procedure for the holding of such election, nor, in any way, defined the manner in which such an appropriation is to be made by excise boards, these are matters left to legislative enactment. It also recognizes, as the Court of

Tax Review stated, that the Legislature cannot, by such enactments, restrict or extend the people's power under the constitutional provision, citing State ex rel. R. J. Edwards, Inc., v. Keith, 179 Okl. 563, 66 P.2d 1059; In re Initiative Petition No. 2 of Cushing, 157 Okl. 54, 10 P.2d 271, and State v. Hooker, 22 Okl. 712, 98 P. 964. Protestant relies, however, upon decisions which it interprets as holding that provisions, such as are contained in Sec. 286, supra, dealing with the making of the estimated needs and its publication are mandatory and must be complied with, or the levy cannot be upheld. In connection with this argument they cite Bank of Picher v. Morris, 157 Okl. 122, 11 P.2d 178; In re Bliss, 142 Okl. 1, 285 P. 73; Grubb v. Smiley, 142 Okl. 19, 285 P. 38. Protestee counters with the argument that since no question has been raised as to the validity of the election at which this 5-mill levy was voted and the statutes in question, Titles 68 O.S. 1951 § 286 et seq., nowhere therein expressly provide that such a levy shall be invalid if the published estimate of needs fails to show that any funds are needed for erection of buildings, such omission in the publication is a mere irregularity as to form rather than substance, and is not fatal to the levy in view of the election mandate. We agree. None of the cases cited by the protestant constitute authority for reversing the decision herein appealed from. Notable among these is Bank of Picher v. Morris, supra, which is distinguishable from the present case on more than one ground. There this Court demonstrated that the statutory provisions applying to levies generally do not apply to those for sinking fund purposes in view of special statutes pertaining thereto. Also, the levy in that case was not made pursuant to an increase voted by the people; and the increase involved in Chicago, R. I. & P. Ry. Co. v. Pourron, 118 Okl. 80, 246 P. 835, quoted from extensively therein, was an increase by the Excise Board of a township's estimate. In the last cited case, the statute apparently deemed decisive of the matter was Sec. 9712, C.O.S.1921, which provided that "no levy for any purpose shall be valid unless made according to the provisions of this article". Said section was repealed in 1941, S.L.1941, p. 462, Sec. 1, and has not been re-enacted.

One provision in our present statutes, Title 68 O.S.1951 § 292, prohibits the excise board from considering supplemental and additional appropriations "in the absence of the financial statement herein required to be filed", but this section is not applicable to the situation here. In said Title's Sec. 289, entitled "Meetings and proceedings of excise board", where said board's functionings as to the budget submitted to it are described, subparagraph "(E)" advises it that: "Building fund appropriations and levies under Section 10, Article 10, Constitution * * * need be itemized only as to the amount needed for construction of new buildings * *". The transcript of the proceedings in the Court of Tax Reviews reflects that the budget in this case was admitted into the evidence there though said transcript does not portray it. However, since it is not contended that said budget, when submitted to the protestee, did not conform to the above provisions, under the issues joined, as reflected in the transcript and the opinion of said Court, we can assume that it did. In such a situation, as is here presented, we conclude that to invalidate the levy, merely because the Board of Education failed to publish an estimate of needs for the erection or construction of new buildings, would defeat the will of the electors and unduly restrict the operation of Art. 10, Sec. 10, of the Constitution. It follows from this conclusion, that the Court of Tax Review committed no reversible error in denying the protest. The judgment of that Court is therefore affirmed.

HALLEY, C. J., and WELCH, CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.