ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Plaintiff in Error,

v.

MARSHALL COUNTY EXCISE BOARD, Defendant in Error.

No. 38205.

Supreme Court of Oklahoma.

Sept. 16, 1958.

**204**

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

O. C. Barnes, County Atty. of Marshall County, Madill, Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for defendant in error.

BLACKBIRD, Justice.

The only tax levy involved in this appeal is the additional 5 mill levy for the fiscal year beginning July 1, 1957, voted at an election held in Dependent School District No. 12, of Marshall County, under art. X, sec. 10 of the Oklahoma Constitution, as amended by the special election held in this State, April 5, 1955, on State Question No. 368. Said section, as so amended, reads as follows:

"For the purpose of erecting public buildings in counties or cities, or *for the purpose of raising money for a building fund for a school district* which *may be used* for *erecting, remodeling* or *repairing school buildings,* and for *purchasing furniture,* the rates of taxation herein limited may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such election, shall vote therefor: Provided,

that such increase shall not exceed five (5) mills on the dollar of the assessed value of the taxable property in such county, city, or school district." (Emphasis ours.)

In the printed form estimate of needs which the School District's Board of Education used, the amount written into the blanks opposite the particular items of need, named in the printed part of the form, as: "Remodeling or Repair of Buildings", and "Purchase of Furniture", was "$500.00" for each of said two respective items. In the blank opposite the item set forth in said print as: "Erection of School Buildings", no figure was written in. After approval of the levy at the election thereon, the Excise Board (which appears herein as defendant in error) approved no appropriation for the first two quoted items, but did approve an appropriation of $1,077.- 35 for "Erection of School Buildings." It is this asserted difference in the appropriation approved by said Board (hereinafter referred to as Protestee), and the estimate of needs for the special levy, that comprised the basis of plaintiff in error's objection to said levy.

■ In denying the Railway Company's protest, the Court of Tax Review, in its written findings, stated:

"Since no question has been raised regarding the election, we presume it to be valid. The Protestant contends that they are bound by the need as shown on the preliminary estimate and since no need was shown for erection of buildings, the entire levy is void. We cannot agree with this contention, to do so would have the effect of creating at least three separate and distinct funds. This is not the apparent intent of the Constitution. Under Article 10, section 10, of the Constitution when the electors of a district authorize a building fund levy, the proceeds derived therefrom may be appropriated and used for anyone or any combination of the purposes authorized by Article 10, Section 10, supra. * * *."

The protestant seems to concede that, since the 1955 amendment to sec. 10, art. X, supra, a five-mill levy like the one here involved (as protestee *also* interprets said amendment) is voted simply and generally for a "Building Fund"; and, in its brief, it specifically states: " * * * the authorization and use of the proceeds (of the levy) are no longer limited * * *" to the erection of buildings "as was the case prior to its (said section's) amendment in 1955." However, by an argument in which it distinguishes between "appropriation or purpose" and "fund" and cites previous opinions of this Court in cases arising before the 1955 amendment and cases involving cities and towns becoming indebted for the purchase, construction or repair of public utilities under art. X, sec. 27 of the Constitution, protestant attempts to show that the appropriation of the levy's proceeds for the erection of school buildings, after the levy's being voted as needed for "other" purposes, constitutes disregarding the mandate of the people (as evidenced by the election returns). In this connection, protestant's counsel say:

"There is a vast difference between the need for building a new building and the need for replacing furniture or for remodeling or repairing of an already existing building. The voters might be willing to approve an appropriation and authorize a tax levy for another of said purposes. If the argument of the protestees be sound then there would be no reason why it could not also be argued that by the use of similar language as in this amendment building fund money could be used for the paying of teachers' salaries, school equipment such as maps and charts and for the purchase and repair of school buses without ever informing the voters as to the alleged needs for such levy. Obviously this was not the intent of the language used in this amended section. Such an intention would be contrary to the provision of section 19, Article 10, Oklahoma Constitution, which provides in part 'no tax levied and collected for one purpose shall ever be devoted to another purpose.'"

We think protestant's argument goes to absurd lengths in describing protestee's argument, and exaggerates the effect of the 1955 amendment of sec. 10, supra, as said amendment is interpreted by the protestee and the Court of Tax Review. Granting agreement with protestant that if the proceeds of such a levy were used for teachers' salaries and the other mentioned purposes entirely foreign to, and disassociated with, building funds and building fund purposes, such uses would be a violation of art. X, sec. 19 of the Constitution, it, by no means, follows that the money's appropriation for any one or more of the purposes named in art. X, sec. 10—as it has been amended (supra)—would also constitute such a violation. And we see no reason in this State's present law for reversing the judgment herein appealed from.

■ Nor do we find substantial weight in protestant's argument that the fact that the printed form of estimate used in this case provides individual spaces for filling in the amounts of money needed (if any) for some of the purposes for which a building fund levy may be used, " * * * should be some sort of recognition at least from an administrative standpoint, of the necessity of informing * * *" the voters in the election on such a levy " * * * what they are called upon to approve * * *". We think legislative intent is a more valid consideration than this, and in this connection protestee calls our attention to the Twenty-Sixth Legislature's enactment of an amendment to the previous law, Tit. 70 O.S.1951, § 4–40. While the effective date of this amendment (S.L.1957, pgs. 496, 497; Tit. 70, O.S.1957 Supp., § 4–40) was not until March 26, 1957, and, by its own terms, does not affect the validity of elections called such as the one here, *before* that date, yet we think said amendment shows a legislative intent to make the statutory law conform to the 1955 amendment of the Constitution, supra. Neither of said amendments mentions an *itemized* estimate of needs as did the cited statute *before* its amendment.

While said statute,—at the time the subject election was called in March—provided among other things, as to the so-called "preliminary" estimate, that: "The board of education * * * shall also make out an itemized estimate necessary for the *current* expenses for such school district for the ensuing fiscal year * * *" (emphasis ours), Tit. 68 O.S.1951 § 286, provides as to the "itemized statement of needs made by" the board of education of each dependent school district at its meeting in July, that said statement " * * * shall be detailed in form and amount so as to disclose the several items for which the excise board is authorized and required by Section 289 of Title 68, Oklahoma Statutes 1951, to approve estimates and make appropriations." We pointed out in St. Louis-San Francisco R. Co. v. Bryan County Excise Bd., Okl., 271 P.2d 389, 391, that sec. 289, referred to in the portion of sec. 286 just quoted, advises the excise board, in its subparagraph (E) that: "Building fund appropriations and levies * * * need be itemized *only* as to the amount needed for construction of new buildings * * *". (Emphasis ours.) It would thus appear that in view of the fact that there is no wording in art. X, sec. 10, supra, as amended, to indicate that any more specific purpose than that of a "building fund" must be shown for the additional five-mill levy authorized therein, and the further fact that Tit. 70 O.S.1951 § 4-40, as amended in 1957 (unlike said section *before* its amendment) makes no reference to itemization, that, if a building fund appropriation complies with sec. 289(E), it is in accord with the law, as it exists now in Oklahoma, with reference to itemization. If, under the existing amendment to art. X, sec. 10, the proceeds of such a levy, voted, under said amendment, for any building fund purpose "may be used" for erecting school buildings, as well as any of the other building fund purposes therein mentioned, it is difficult to see how any one presumed to be cognizant of the amendment, could validly complain of being misled when voting on a levy for any such purpose.

In accord with the foregoing, we hold that the Court of Tax Review properly interpreted, and gave effect to, art. X, sec. 10, as amended, supra, and correctly denied the protest here involved.

The judgment of said Court is therefore affirmed.