The judgment of said Court is therefore affirmed.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Plaintiff in Error,**

v.

**JOHNSTON COUNTY EXCISE BOARD, Defendant in Error.**

No. 38204.

Supreme Court of Oklahoma.

Sept. 16, 1958.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, Okl., for plaintiff in error,

R. G. Stevens, County Atty., Johnston County, Tishomingo, Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for defendant in error.

BLACKBIRD, Justice.

This appeal is a companion to Cause No. 38205, 330 P.2d 203, in that it involves one of the same issues therein presented, and the parties have treated said appeals as consolidated for the purpose of briefing.

Here, the levies involved were for certain school districts in Johnston County for the fiscal year beginning July 1, 1957. One of the grounds upon which the Railway Company's protest to the additional 5 mill levy for said County's Dependent School District No. 12, was the same as that involved in the cited companion case. The ground upon which plaintiff in error filed its protest to the levies for General Fund purposes of Independent School District No. 10, and those of three other of said County's school districts, was that the estimates of needs, upon which these levies were based, understated the revenue avail-

able to said districts from the county-wide 4 mill ad valorem tax levy available to help finance the approved appropriations.

At the trial of the protests before the Court of Tax Review, all were denied, and the Railway Company, as plaintiff in error, perfected the present appeal from said judgment.

In the stipulation entered into at the trial, it was agreed that the Estimate of Needs prepared and published for the election on the 5 mill levy in Independent School District No. 10, represented said district's need of $1,003 for "Remodeling or Repairing of Buildings", and $1,000 for "Purchase of Furniture." Instead of approving an appropriation of those sums for those purposes, the protestee Excise Board approved no appropriation for the purchase of furniture, but did approve an appropriation of $1,995.27 for "Remodeling or Repairing of Buildings."

■ In accord with the views this court expressed in Cause No. 38205, this action of the protestee did not invalidate the levy and the Court of Tax Review committed no error in denying the protest based thereon.

■ Protestant's contention as to the invalidity of the additional millage levy of Dependent School District No. 12, is based on the theory that the estimated needs prepared and published by said District's School Board, prior to the election on said levy, did not show any item of need for which such levy could be made. It introduced the testimony of one of its employees to the effect that when, in April and September, 1957, he examined the "Form C" prepared by said District's School Board, said form had no figure written on it in the blanks provided thereon for writing in the amounts needed for "Erecting New Buildings", "Remodeling or Repairing School Buildings", or "Furniture." This testimony is contradicted by protestant's Exhibit No. 2, however, which purports to be a photostatic copy of the Estimate of Needs on which the election for the 5 mill levy was called. On said Exhibit, the figures

"$1382.10" appear in the blank opposite "Remodeling or Repairing School Buildings." In view of this evidence, that part of the trial court's judgment rejecting protestant's 7th alleged cause of action and denying its protest, on that ground, to the 5 mill levy of Dependent School District No. 12, cannot be said to be contrary to, nor insufficiently supported by, the evidence, nor contrary to law.

Protestant's position that three of Johnston County's school district levies for General Fund purposes were invalid because their estimates of needs understated the revenue available to them from the county-wide 4 mill tax levy prescribed by paragraph (b) of the 1955 Amendment of art. X, sec. 9 of our Constitution, is based upon the fact that, in said estimates, only 75% of such revenue was considered.

■ Under the provisions of the Amendment of Tit. 68 O.S.1951 § 297 (68 O.S. 1957 Supp. § 297) which became effective before the filing, with the protestee, of the school district budgets involved herein, the procedure for the computation of the tax levies for counties, and their municipal subdivisions, consists of six steps, the first two of which are: Determining the total amount of the several items of appropriation for their General and Special Funds, and deducting from such total, the actual cash surplus of the immediately preceding fiscal year. The "Third" step is:

"Deduct from the remainder thus ascertained the estimated probable income from sources *other than ad valorem taxation;* however, in no event shall the amount of such estimated income exceed ninety per cent (90%) of the actual collections from such sources for the previous fiscal year; *provided, that the amount of such estimated income for a school district may be the amount that is chargeable as minimum program income of the district* for the purpose of receiving State Equalization Aid; also, deduct the estimated probable revenue to be

derived from surplus collection from taxes in the process of collection of the immediately preceding taxable year, provided the surplus so estimated shall be defined as surplus cash is hereinafter defined, and shall include none of that portion of the reserve added at the beginning of such year for delinquent tax, and shall not exceed ninety per cent (90%) of the actual collections of surplus back taxes legally accrued to and credited to the same fund account of the immediately preceding fiscal year." (Emphasis ours).

In its decision, the Court of Tax Review quoted from St. Louis-San Francisco Ry. Co. v. Choctaw County Excise Board, 173 Okl. 312, 48 P.2d 312. Our opinion in that case shows that in construing statutes dealing with levies, income from taxes levied on an ad valorem basis is not always considered income from ad valorem taxation and that income from the anticipated collection of such taxes levied in a previous year may be considered: "income from sources other than ad valorem taxation." In rejecting protestant's argument that, in computing their proportionate part of the probable income to be derived from the 4-mill levy, the school districts involved should have used 90%, rather than 75%, of the total thereof, the Court of Tax Review expressed the opinion, in substance, that since Tit. 70 O.S.1957 Supp. § 4–39(c) says 90% "may be" estimated, and Tit. 68 sec. 297, supra, says that " * * * the amount of such estimated income * * * may be the amount that is chargeable * * * " as school districts' " * * * minimum program income * * * for the purpose of receiving State Equalization Aid * * * " which latter is defined in Tit. 70 O.S.1957 Supp. § 18–4, subd. 2 par. j, as 75% of the amount they received from the County levy the next preceding fiscal year, that the use of either 75% or 90% is permissible.

After thorough consideration of protestant's argument and the citations therein contained, we find no sufficient showing therein that the Court of Tax Review mis-

construed or improperly applied art. X, sec. 9, par. (b), supra, and the pertinent statutes. The judgment of that Court is therefore affirmed as to protestant's causes of action numbered 1–6, both inclusive, as well as to its 7th cause of action.